UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY VAZ AND JO ANN VAZ                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:06cv935-LTS-RHW

ALLSTATE PROPERTY AND CASUALTY                                          DEFENDANTS
INSURANCE COMPANY AND JOHN DOES 1-10

**ORDER**

This cause is before the Court on Defendant Allstate's Motion to Strike Portions of the First Amended Complaint or, In the Alternative, to Continue Trial Date (docketed for filing purposes at [28] and [32]); its [39] Motion to Strike Portions of the Second Amended Complaint; and a separately filed [41] Motion to Continue Trial Date and Reset Other Pretrial Deadlines. These requests cannot be considered and decided in a vacuum, and an understanding of context is absolutely required.

What began as best laid plans have gone awry. The United States Magistrate Judge held a status conference on August 11, 2006, in three Hurricane Katrina cases: *McFarland v. State Farm Fire & Casualty Co.*, Civil Action No. 1:06cv466; *Vaz v. Allstate Property & Casualty Insurance Co.*, Civil Action No. 1:06cv481; and *Bradley v. Nationwide Mutual Insurance Co., et al.*, Civil Action No. 1:06cv528. The Magistrate had previously entered show cause orders in these actions because of his concern that the prospect of hundreds of individually joined plaintiffs in each of these cases (all of whom are represented by the same counsel team) might require severance.

While there appears to be no written record of what took place at the August 11 status conference, it is the Court's understanding that the outcome was the selection of six particular cases brought by individual Plaintiffs (whose dwellings were reduced to a slab by the storm) to go forward for advanced trials; Plaintiffs' counsel chose one against each of the three insurance company defendants, and each Defendant picked one, thus arriving at the six.

The Magistrate soon determined that severance was appropriate in each of the above-cited civil actions and that the Plaintiffs should be required to file separate complaints corresponding to individual parcels of damaged property. The Order of Severance with respect to Defendant Allstate sheds some light on the process followed at the status conference:

> By agreement of the parties, the claims of Joseph and Mary Proby and the claims of Anthony and Jo Ann Vaz shall be severed immediately as these two causes of action have been set for trial on an expedited basis. These Plaintiffs shall file an

amended complaint and pay filing fees as soon as their cases have been severed.

Plaintiffs filed objections to the Magistrate's severance order, which this Court denied, thereby affirming the Magistrate.

Consistent with the Magistrate's directions, Plaintiffs filed a [21] First Amended Complaint which added a separate count charging a company-wide scheme of fraudulent and deceptive claims adjustment practices. Various other paragraphs were sprinkled throughout referring to the alleged misconduct. According to Defendant, this issue was not part of the agreement for an expedited trial inasmuch as it was believed that only the common issues of "wind versus water" and other basic breach of contract claims, including bad faith denial of Plaintiffs' specific losses, were to be tried. This prompted the first motion to strike or continue.

It is difficult to discount this view because the Plaintiffs, without permission (*see* Fed. R. Civ. P. 15(a)) and beyond the [19] scheduling order, filed a [35] Second Amended Complaint, which omitted the count aimed at the alleged company-wide fraudulent and deceptive claims adjustment practices. In response, Defendant soon filed another motion to strike and a motion to continue. No answer has been filed to either complaint.

This Court has no intention to limit Plaintiffs' claims or remedies, so long as they are asserted in a procedurally correct manner (*see*, *e. g.*, Fed. R. Civ. P. 9(b)) and can be supported by admissible evidence. At the same time, the Court has no interest in watching or umpiring a pleadings game that is played for a particular moment's tactical purpose without regard to the overall goal of a just, speedy, and inexpensive determination of every action. *See* Fed. R. Civ. P. 1 and 16.

The Court is unsure what occurred at the status conference–it is recommended that future agreements be reduced to writing–but it is clear that Plaintiffs filed the Second Amended Complaint on their own and contrary to the scheduling order deadline. The Court has no alternative but to strike it, leaving the First Amended Complaint to be answered by Defendant. This does not foreclose Plaintiffs from requesting a second amendment, depending on how they wish to proceed under the Court's ruling.

All counsel are now aware that the Court is open to the prospect of consolidation under Fed. R. Civ. P. 42. This notion, coupled with the uncertainty of the matters to be tried, also leads to the conclusion that a continuance of the trial is appropriate. The Court repeats its expectation and anticipation of real cooperation from all counsel to determine the identity of common questions of law or fact which may exist in separate cases beyond the limited scope of what was attempted here.

Accordingly, **IT IS ORDERED**:

Defendant's [28] Motion to Strike the First Amended Complaint is **DENIED**;

Defendant's ([32] and [41]) Motions to Continue Trial Date are **GRANTED**;

Plaintiffs' [35] Second Amended Complaint is hereby **STRICKEN** without prejudice to an appropriate request, if any, to file same or any other pleading;

Defendant's [39] Motion to Strike Second Amended Complaint is **DENIED AS MOOT**;

This cause of action is referred to the United States Magistrate Judge for further proceedings consistent with this order.

**SO ORDERED** this the 28th day of October, 2006.

          s/ *L. T. Senter, Jr.*
          L. T. Senter, Jr.
          Senior Judge

.